UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DUSTANE B., <br>       Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner <br> of the Social Security Administration, <br>       Defendant. | ) <br> ) <br> ) <br> ) CAUSE NO.: 1:21-CV-446-JVB <br> ) <br> ) <br> ) <br> ) |

## OPINION AND ORDER

Plaintiff Dustane B. seeks judicial review of the Social Security Commissioner's decision denying his applications for disability insurance benefits and supplemental security income and asks this Court to reverse that decision and remand this matter to the agency. For the reasons below, the Court grants Plaintiff's request, reverses the Administrative Law Judge's decision, and remands this matter for further administrative proceedings.

## PROCEDURAL BACKGROUND

In Plaintiff's April 29, 2018, and September 18, 2019 applications for benefits, he alleged that he became disabled on February 7, 2018. After a February 25, 2021 hearing, the Administrative Law Judge (ALJ) issued her decision on May 4, 2021, finding that Plaintiff had the severe impairments of history of emotional disability, history of learning disability, attention deficit hyperactivity disorder (ADHD)/attentional deficit disorder (ADD), status post left carpal tunnel syndrome and cubital tunnel release with mass excision left finger, left wrist arthroscopic surgery, asthma/COPD, lumbar radiculopathy, cervical arthropathy, occipital neuralgia/chronic headaches, chronic pain syndrome, inflammatory polyarthritis/psoriatic arthritis, polyarthralgia, major depressive disorder, borderline intellectual functioning, generalized anxiety disorder, social anxiety disorder, history of multiple head injuries, and hypersomnia. (AR 26). The ALJ determined

that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment, and further determined that Plaintiff had the residual functional capacity (RFC) to perform light work with the following exceptions:

> [T]he claimant can occasionally climb ramps and stairs, he can never climb ladders, ropes, scaffolds, he can occasionally balance, stoop, kneel, crouch and crawl, he can frequently handle, finger and feel with the bilateral upper extremities, he should avoid concentrated exposure to extreme heat, extreme cold, fumes, odors, dusts, gases, and poor ventilation. In addition, the claimant can understand, remember and carry out simple instructions related to concrete and tangible 1-3 step tasks, he can make judgments on simple work related decision[s], he can respond appropriately to occasional and superficial interactions with coworkers and supervisors, he should avoid work activity requiring interactions with the general public, he can respond appropriately to usual work situations, and he can deal with routine changes in a routine work setting with few, if any, changes in terms of work setting, tools, and processes.

(AR 28-9). The ALJ determined that Plaintiff was incapable of performing his past relevant work but was able to perform the job requirements of the representative occupations of cleaner, retail marker, and small products assembler. (AR 38-39). Accordingly, the ALJ found Plaintiff to not be disabled from February 7, 2018, through May 4, 2021, which is the date of the ALJ's decision. (AR 39). This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th

2

Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act. 20 C.F.R. § 1520(a)(4). The first step is determining whether the claimant is engaged in substantial gainful activity. If the claimant is, then the claimant is determined to be not disabled. *Id.* at § 1520(a)(4)(i). The remaining steps are:

> whether the claimant has a severe impairment; whether the claimant's impairment is one that the Commissioner considers conclusively disabling; if the claimant does not have a conclusively disabling impairment, whether [they] can perform [their] past relevant work; and whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012) (index numbers omitted). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff argues that the ALJ erred and that her decision should be reversed because the ALJ failed to properly analyze the medical opinions of Dr. Ringel, Nurse Practitioner Sleesman, and Dr. Boen.

### A. Opinion of Dr. Ringel

Dr. Ringel performed an independent disability examination of Plaintiff at the request of Plaintiff's attorney. (AR 1917). When an ALJ evaluates medical opinions, the most important factors to consider are supportability and consistency, and the remaining factors are relationship with the claimant, specialization, and "other factors." 20 C.F.R. §§ 404.1520c, 416.920c. "Supportability" considers to what extent an opinion is based on objective medical evidence and

supporting explanations. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). "Consistency" considers to what extent an opinion is consistent with the evidence from other sources. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

The Court will focus its analysis of the ALJ's assessment of Dr. Ringel's opinion to the parts of that opinion that relate to Plaintiff's upper extremities (and, by extension, Plaintiff's ability to handle, finger, and feel, which the ALJ determined Plaintiff could perform frequently). Plaintiff stated that the loss of feeling in his hands was the medical problem that was the worst out of all of his problems. (AR 58-59). Dr. Ringel included the following in describing Plaintiff's conditions:

> Bilateral wrist limitations secondary to carpal tunnel syndrome and subsequent surgeries. He continues with weakness, pain and restricted movements of both wrists. He has a 5# weight lifting limit. He cannot feed, dress, or bathe himself without help or difficulty. He cannot do any of the hobbies he used to do.

(AR 1917). Dr. Ringel noted that Plaintiff has "chronic wrist pain and weakness" and "[b]ilateral arm and wrist pain." (AR 1917-18). Plaintiff has weakness in both arms, grip strength 2/5 bilaterally, extension 2/5 bilaterally, and flexion 3/5 bilaterally. (AR 1918). Dr. Ringel reported that Plaintiff had decreased use of both hands and arms. (AR 1918). The ALJ does not take issue with the supportability of Dr. Ringel's opinion.

However, the ALJ determined that "Dr. Ringel's statement is not persuasive in that it does not provide functional limitations and such grip strength deficits and upper extremity weakness are not noted elsewhere in the medical evidence of record." (AR 37). That is, the ALJ provided two reasons for her assessment of Dr. Ringel's opinion. Both are problematic.

Regarding functional limitations, Dr. Ringel explicitly stated that Plaintiff has a five-pound limitation in lifting. (AR 1917). Dr. Ringel also listed Plaintiff's difficulty feeding, dressing, and bathing himself unassisted. *Id.* While these latter limitations noting "difficulty" are not as

4

quantifiable as a five-pound lifting limitation, they are still opinions on the limitations on Plaintiff's functioning.

Regarding the second reason—that the weaknesses reported are not in other medical evidence of record—the ALJ has misapplied the "consistency" factor, which does not restrict the consistent evidence elsewhere in the record to only *medical* evidence, a restriction that the ALJ apparently added. *See* 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). There is plenty of evidence in the record that is consistent with Dr. Ringel's opinion.

Plaintiff reported that he left his last job due to his hand injury in 2018. (AR 31). Plaintiff himself has provided testimony, which the ALJ acknowledged, that Plaintiff has loss of feeling in his hands since surgeries in 2018 and 2019. (AR 30; *see also* AR 59). He has difficulty using his hands to cook, grip, and grasp objects. (AR 30-31, 74). He drops objects such as glasses and experiences constant numbness of his hands. (AR 59). Plaintiff can lift a gallon of milk but has difficulty holding on to it and experiences pain at about 5-6 on a scale of 1-10. (AR 60). Plaintiff cannot tie his shoes without help due to loss of feeling in his hands. (AR 66).

Additionally, there is medical evidence that is consistent with Dr. Ringel's opinion. The ALJ acknowledges that rheumatology records from 2019 to 2020, which report that Plaintiff had severe pain and tenderness in the bilateral wrists and moderate arthralgias of the digits of both hands. (AR 33). EMG studies in 2019 of the upper extremities had results consistent with bilateral carpal tunnel syndrome and cubital tunnel syndrome. *Id.* Further, the ALJ admits that "[o]rthopedic treatment records note continued complaints of constant numbness and tingling to all fingers." *Id.*

The ALJ identifies that a November 2019 medical record reports normal findings bilaterally for ranges of motion, pulses, stability, strength, grip strength, and appearance. (AR 34 (citing AR 2849)). However, this exact same medical record states that Plaintiff's appointment

5

was for re-evaluation of right hand numbness, Plaintiff's constant, tingling pain was a 6 on a scale of 1-10, and the doctor discussed ulnar nerve decompression and carpal tunnel release surgery with Plaintiff (who agreed to the treatment). (AR 2848-50). There is no narrative description of the normal wrist and hand findings, which causes the Court to pause and wonder if those findings were actually reflective of Plaintiff's condition or whether the descriptions of numbness, pain, and plan for surgery are more representative of Plaintiff's condition. Perhaps no examination occurred at all and normal findings were included by mistake. Regardless, it is clear from this record that Plaintiff's condition was severe enough for a doctor to agree to surgery to attempt to correct it.

After the surgery, Plaintiff reported to this doctor that he had burning, numbness, and constant pain at level 4 of a 1-10 scale. (AR 2862). Plaintiff's doctor advised that there was nothing further surgically to offer Plaintiff. *Id.* In sum, the ALJ has not adequately explained how, in light of the wealth of evidence regarding Plaintiff's upper extremities, she determined that Dr. Ringel's opinion is not consistent with the evidence of record from other sources.

The ALJ's dismissal of Dr. Ringel's opinion is based on two reasons, neither of which hold up under examination of the record. Accordingly, this case must be remanded for further administrative proceedings.

### B. Other Medical Opinions

Unlike the treatment of Dr. Ringel's opinion, however, the ALJ sufficiently explained her decision to disregard Nurse Practitioner Sleesman's opinion that:

> At this time, due to multiple mental and physical health problems, [Plaintiff] is unable to work. For any specific information, please contact medical records with Dekalb Health.

(AR 1307). The issue of whether or not a claimant is disabled is an administrative question reserved to the Commissioner. *See* 20 C.F.R. §§ 404.1520b(c)(3)(i), 416.920b(c)(3)(i). Therefore,

6

it "is inherently neither valuable nor persuasive" and the ALJ need not "provide any analysis about how [they] considered such evidence." 20 C.F.R. §§ 404.1520b(c), 416.920b(c).

It is a closer call regarding the opinion of Dr. Boen, who examined Plaintiff at the agency's request. Consultative examiners are agency doctors and are unlikely to exaggerate an applicant's disability. *Garcia v. Colvin*, 741 F.3d 758, 761-62 (7th Cir. 2013) (citing *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012)). "As a general rule, an ALJ is not required to credit the agency's examining physician in the face of . . . compelling evidence. . . . But rejecting or discounting the opinion of the agency's own examining physician that the claimant is disabled, as happened here, can be expected to cause a reviewing court to take notice and await a good explanation for this unusual step." *Beardsley v. Colvin*, 758 F.3d 834, 839 (7th Cir. 2014); *see also* 20 C.F.R. §§ 404.1520c(c)(3)(v), 416.920c(c)(3)(v) ("A medical source may have a better understanding of your impairment(s) if he or she examines you than if the medical source only reviews evidence in your folder.").

Dr. Boen provided the following medical source statement.

> [Plaintiff] would have trouble understanding what [Plaintiff] was asked to do on a job. [Plaintiff] would have trouble remembering what [Plaintiff] was asked to do on a job. [Plaintiff] would have difficulty being able to concentrate on the job. [Plaintiff] would have difficulty being able to stay on task. [Plaintiff] would have difficulty being able to get along with coworkers. [Plaintiff] would not have difficulty being able to get along with a boss.

(AR 1472). The ALJ takes issue with Dr. Boen not providing "*specific* functional limitations," but nonetheless found the statement "partially persuasive and consistent with consultative examination findings noting deficits in memory and concentration." (AR 38 (emphasis added)).

Plaintiff fails to make a clear statement of what additional limitations he believes the ALJ should have found in light of Dr. Boen's opinion. However, Plaintiff is correct to note that he experienced a head injury after he ceased working, so the ALJ's note that Plaintiff stopped working

due to physical symptoms instead of mental symptoms is of limited use. Because the case must be remanded due to the errors regarding Dr. Ringel's opinion, the Court declines to further address Dr. Boen's opinion in the interest of judicial economy and leaves evaluation of this opinion to the Commissioner on remand.

## CONCLUSION

Based on the above, the Court hereby **GRANTS** the relief requested in the Brief in Support of Plaintiff's Complaint to Review Decision of Commissioner of Social Security Administration [DE 16], **REVERSES** the final decision of the Commissioner of Social Security, and **REMANDS** this matter for further administrative proceedings.

SO ORDERED on March 30, 2023.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT
